UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2551** |
| **JOSEPH LOPINTO** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, Larry Davis, is incarcerated at the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] For the following reasons, it is recommended that the application be **DISMISSED**.

This is the second § 2254 application petitioner has filed this year. In the proceedings concerning his previous application, it was noted:

> On May 29, 2019, the Jefferson Parish District Attorney filed a bill of information charging petitioner with four counts of armed robbery. On July 29, 2019, the state district court appointed a sanity commission to evaluate his competency to stand trial. On August 21, 2019, the court determined that he was incompetent to proceed and remanded him to the East Louisiana State Hospital. His competency was subsequently restored, and so, on May 20, 2020, the court found him competent to proceed to trial. On May 22, 2020, he then entered pleas of not guilty by reason of insanity, and, on September 25, 2020, the court appointed a sanity commission to evaluate his sanity at the time of the alleged offenses. At a hearing on March 24, 2021, the court found that he was legally sane at the time of the offenses, and he currently remains detained awaiting trial on the charges.

Davis v. Lee, Civ. Action No. 22-173 "D"(1), 2022 WL 1760705, at *1 (E.D. La. Apr. 25, 2022), adopted, 2022 WL 1748437 (E.D. La. May 31, 2022).[2] Given that petitioner was a pretrial detainee, his prior application was construed as one seeking relief pursuant to 28 U.S.C. § 2241[3]

---

[1] Rec. Doc. 3.
[2] "A court may take judicial notice of related proceedings and records in cases before the same court." MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).
[3] See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) ("28 U.S.C. § 2254 ... applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' 28 U.S.C. §§ 2254(a)

and dismissed without prejudice because he had not exhausted his claims in the state courts as required by federal law. He did not appeal that judgment; rather, he simply filed this new application some two months later.

It is unclear from the instant application if petitioner has now been convicted or if he is instead still awaiting trial on his criminal charges.[4] Ultimately, however, it makes no difference, because the claims he is asserting in this federal application simply are not cognizable in a federal habeas corpus proceeding for the following reasons.

In the current federal application, petitioner makes no allegations challenging the legal validity of his incarceration; rather, his allegations concern two incidents that occurred at the jail: (1) an incident from 1989 in which he was injured by a falling ceiling fan[5] and (2) an incident from 2022 in which he was stabbed by a fellow inmate.[6] Claims premised on such allegations do not sound in habeas. Rather, as the United States Fifth Circuit Court of Appeals recently reiterated:

> In Pierre v. United States, 525 F.2d 933, 935-36 (5th Cir. 1976), this court held that, "[s]imply stated, **habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose**." See generally Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). As we noted in Carson v. Johnson, "[i]f 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' ... the proper vehicle is a § 1983 suit." 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

---

and (b). Pre-trial petitions ... are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").
[4] On one hand, he references a conviction, see Rec. Doc. 3, p. 1; on the other hand, he requests "a reduction of my pending charges," see id. at p. 5.
[5] See id. at pp. 5 and 8.
[6] See Rec. Doc. 3-2, p. 2.

Rice v. Gonzalez, 985 F.3d 1069, 1070 (5th Cir. 2021) (emphasis added), cert denied, 142 S. Ct. 216 (2021); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance."); Buntion v. Lumpkin, 31 F.4th 952, 966 (5th Cir. 2022) ("A prisoner may use a § 1983 suit to challenge conditions of his confinement.").

Moreover, although the Court would have the authority to construe the instant federal application as a § 1983 civil rights complaint, it should decline to do so for the following reasons.

Federal law provides:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) Definition. – As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

To the extent that petitioner is asserting a § 1983 claim arising from the 1989 incident, that claim would be barred by the statute of limitations. The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year. Jacobsen v. Osborne,

> 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257. As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016). Because petitioner waited more than three decades to bring this action concerning the 1989 incident, any claims arising from that incident are prescribed – and prescribed claims are properly dismissed as "frivolous." See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Smith v. Orleans Parish Prison, Civ. Action No. 08-3786, 2008 WL 2951279, at *2 (E.D. La. July 25, 2008).

To the extent that petitioner is asserting a § 1983 claim arising from the 2022 incident, he already has a pending lawsuit asserting that same claim: Davis v. Lopinto, Civ. Action No. 22-2521 "D"(3).[7] Therefore, if the instant application were construed as yet another § 1983 complaint asserting the claim, it would qualify as "malicious." See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (noting that "repetitious litigation" "arising from the same series of events and alleging many of the same facts as an earlier suit" is subject to dismissal as "malicious" (quotation marks and brackets omitted)); see also Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (noting that the restriction on "malicious" litigation ensures that a "plaintiff obtains one bite at the litigation apple – but not more").

---

[7] That case is currently being screened by United States Magistrate Judge Dana M. Douglas, who recently held a Spears hearing in the matter. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).

Accordingly, it would be futile to construe the instant petition as a § 1983 complaint. In light of that fact, and because claims asserted in the petition are not cognizable habeas claims, the Court should dismiss this habeas petition *sua sponte* pursuant to its screening authority.[8]

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Larry Davis be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this 6th day of September, 2022.

*[signature]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] See Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. **If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition** and direct the clerk to notify the petitioner." (emphasis added)).
[9] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.